MANUFACTURERS FINANCE COMPANY *et al. v.* JONES COMPANY.

FISH, C. J. On August 18, 1911, the Brown Wagon Company and the Manufacturers Finance Company, both corporations, entered into a written contract for the former to sell "its accounts receivable, notes, contracts, and choses in action," all designated as "accounts," evidencing sales and deliveries of personal property in which it dealt, to the latter in consideration of the payment by it of 100 per cent. of the face value of "such accounts," less certain stated discounts according to the maturity of such accounts, the amounts and times of payment being fixed under the contract. The contract provided that the "first party [Brown Wagon Co.] and R. L. Brown, of Macon, Ga., are hereby given the right and privilege to make collections, at the expense of and at the office of first party, of all accounts purchased herein by second party [Manufacturers Finance Co.], and to that extent only shall said named parties act as agents of second party. . . During the continuance of such agency, said agents agree to transmit and deliver to second party at its office at Baltimore, Maryland, on the day of receipt thereof, all original checks, drafts, and notes and other evidences of payment received in payment of, or on account of, any accounts purchased herein by second party." And further, "It is expressly understood that neither of the parties hereto shall be bound by anything not expressed in writing by and between the parties hereto." Subsequently to the execution of such contract the W. L. Jones Co. purchased goods of the Brown Wagon Co., and in settlement of the accounts sent its promissory note to the Brown Wagon Co. for $1,301.31 principal, dated January 2, 1912, and due May 2d thereafter. The Brown Wagon Company wrote to the W. L. Jones Co., requesting it to give, in lieu of the one note, three notes aggregating the amount of the first note, which it promised to return upon receipt of the three notes. Thereupon the W. L. Jones Co. sent to the Brown Wagon Co. three notes, all dated December 31, 1911, one for $400 principal, maturing April 1, 1912, another for the like amount,

maturing May 1, 1912, and another for $501.31 principal, maturing June 1, 1912. The Brown Wagon Co. violated its promise to return the original note for $1,301.31, but instead indorsed it and forwarded it to the Manufacturers Finance Co. and indorsed the other three notes and delivered them to the American National Bank. After the maturity of the notes the Manufacturers Finance Company brought suit in the city court of Statesboro on the note held by it against the W. L. Jones Co., and the American National Bank also brought suit against the same defendant in the same court on the three notes held by it. The W. L. Jones Co. brought its petition against the Manufacturers Finance Co. and the American National· Bank, to enjoin the further prosecution of such suits in the city court and to obtain an order that the plaintiffs therein be required to interplead. Both the plaintiffs in these suits demurred to such petition, and made answers thereto. Upon the hearing the verified petition and answers were put in evidence. The petitioner introduced other evidence, and the case was considered upon such evidence, as well as the demurrers, on the question· as to whether the relief sought by the petitioner should be granted. An order for interpleader was granted, and the plaintiffs in the two suits in the city court were enjoined from prosecuting them until the further order of the court. To this judgment each of them excepted. Both in the petition and on the hearing it was the contention of the W. L. Jones Co. that the Brown Wagon Co. was the agent of the Manufacturers Finance Co., with authority to take for its principal the three notes of W. L. Jones Co. in lieu of the original note, and that for this reason the Manufacturers Finance Co. could not maintain its suit on the original note; and evidence was submitted tending to prove such contention, as well as evidence which the W. L. Jones Co. claimed showed that the Manufacturers Finance Co., with knowledge of the fact, had ratified the action of the Brown Wagon Co. in substituting the three smaller notes for. the original note. As to the three notes sued on by the American National Bank the petition charged, upon information and belief, that the bank had knowledge of the agreement between the Brown Wagon Co. and the Manufacturers Finance Co. and took the three notes with notice of the fact that the Brown Wagon Co. was insolvent, and moreover that the bank took such notes as security, in whole or in part, for an already existing indebtedness, and therefore that the bank did not occupy the position of an innocent purchaser for value and without notice. There was some evidence introduced in behalf of the petitioner which it claimed tended to show knowledge by the bank of the insolvency of the Brown Wagon Co. at the time the bank discounted the three notes. In its verified answer the Manufacturers Finance Co. averred, that it was the holder, by purchase for value, of the original note given by the petitioner to the Brown Wagon Co.; that the latter company had no authority as its agent to take the three notes in lieu of the original note; and that it had no knowledge of that transaction when it occurred and never in any way ratified it. The American National Bank in its verified answer averred, that it was the bona fide owner· of the three notes upon which it had entered suit; and that it paid a valuable consideration for them,· and discounted them before maturity and without

notice of the contract between the Manufacturers Finance Co. and the Brown Wagon Co., or any transaction between them in reference to the debt the W. L. Jones Co. owed the Brown Wagon Co. *Held:*

(*a*) An equitable proceeding for interpleader proper lies when a person is possessed of funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder, or person owing the debt or duty, to act. Civil Code, § 5471. If the question is, not to which one of two or more claimants a single duty or debt should be rendered or paid or the same property should be delivered, but whether the person filing the proceeding is liable to each of two holders of different nego-tiable promissory notes transferred to them respectively before due, on which separate suits have been brought, whether they are not bona fide holders for value and without notice, and whether the debtor has a defense as against each or either of them, arising out of transactions with the original payee, this presents no case of a double claim to one debt or liability, but a case of whether there is a double liability, and does not authorize a proceeding for interpleader proper. Crawford *v.* Fisher, 1 Hare, 436; Greene *v.* Mumford, 4 R. I. 313; Connecticut Mutual Life Ins. Co. *v.* Tucker, 23 R. I. 1 (49 Atl. 26, 91 Am. St. R. 590); and note; Hoyt *v.* Gouge, 125 Iowa, 603 (101 N. W. 464); Standley *v.* Roberts, 59 Fed. 836; Bassett *v.* Leslie, 123 N. Y. 396 (25 N. E. 386); National Life Insurance Co. *v.* Pingry, 141 Mass. 411 (6 N. E. 93); Northwestern Mutual Life Ins. Co. *v.* Kidder, 162 Ind. 382 (70 N. E. 489, 66 L. R. A. 89); 23 Cyc. 5 (3); 11 Enc. Pl. & Pr. 459(g).

(*b*) "To entitle a person to a bill of interpleader, he must be in a position in which he is liable to one of two or more persons, who claim from him the same debt or duty; and he claims no right in opposition to the claimants or either of them; and he does not know to whom he ought, of right, to render the debt or duty." In other words, he must occupy the position of a disinterested stakeholder. *Adams* v. *Dixon,* 19 *Ga.* 513, 515 (65 Am. D. 608); *Davis* v. *Davis,* 96 *Ga.* 136 (21 S. E. 1002); *Little* v. *Davis,* 140 *Ga.* 212 (78 S. E. 842); 23 Cyc. 5 (3), 21(b); 11 Enc. Pl. & Pr. 461(j).

(*c*) Where two different persons lay claim to a debt, and the debtor in a petition against them for strict interpleader denies that he is indebted to one of them, an order for such interpleader will not be granted. Shaw *v.* Coster, 8 Paige (N. Y.), 339 (35 Am. D. 690 and note); 11 Enc. Pl. & Pr. 461, 468; 23 Cyc. 23, 25.

(*d*) Applying the rulings above announced to the pleadings and the evi-dence in this case, which is a strict interpleading suit, the court erred in granting an order for interpleader and a temporary injunction.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*
APRIL 23, 1914.

Injunction, etc.    Before Judge Rawlings.    Bulloch superior court.    October 25, 1913.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.
*Robert L. Berner* and *J. D. Kirkland,* contra.