20256. HOLLAND *v.* STERLING *et al.*

SUBMITTED OCTOBER 16, 1958—DECIDED NOVEMBER 7, 1958.

584

*Preston L. Holland,* for plaintiff in error.
*Dan Copland, Scott Walters, Jr., Jas. L. Thomason, Thos. L.*

*Thompson, Nall, Miller, Cadenhead & Dennis, B. Carl Buice,* contra.

HEAD, Justice. The plaintiff in error was employed as an attorney by Central Builders Supply Company, Inc., as assignee of Citizens Bank of Hapeville, to foreclose a deed to secure debt executed by John Sterling to the bank. The plaintiff in error has not cited any authority to sustain a petition for interpleader under the facts of this case.

"Powers of sale in deeds of trust, mortgages, and other instruments, shall be strictly construed and shall be fairly exercised. . . ." Code § 37-607 as amended, Ga. L. 1937, p. 481. Powers contained in a deed to secure debt are matters of contract, and will be enforced as written. *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (152 S. E. 85); *Miron Motel* v. *Smith,* 211 *Ga.* 864 (3) (89 S. E. 2d 643). Central Builders Supply Company, Inc., as assignee, can not claim the right to exercise the powers contained in the deed to secure debt conferred upon the grantee, and escape the duties and obligations resting upon the grantee in such deed. The deed from Sterling to the bank provides that the grantee, or assigns, from the proceeds of a foreclosure sale, after reserving therefrom the principal, interest, and any other amounts due, "shall pay any overplus to the grantor, or to the heirs or assigns of grantor as provided by law."

The deed from Sterling to the bank was duly recorded in the office of the clerk of the superior court, and this was constructive notice to the world of the terms and provisions of the deed, from the date of its record. *Clark* v. *C. T. H. Corporation,* 181 *Ga.* 710 (184 S. E. 592); *Poore* v. *Poore,* 210 *Ga.* 371, 372 (80 S. E. 2d 294). It appearing from the petition for interpleader that the grantor, John Sterling, has claimed the amount derived from the sale, in excess of the amount claimed by the assignee, Central Builders Supply Company, Inc., the assignee was legally bound under the terms of the contract to pay this overplus to him, in the absence of proper proceedings by one or more of the alleged claimants to the fund to prevent such payment.

In the present case the petition could not be maintained even if brought by Central Builders Supply Company, Inc. One who seeks the aid of a court of equity by petition for interpleader

must claim no right in opposition to the claimants to the fund. *Manufacturers Finance Co.* v. *Jones Co.*, 141 *Ga.* 619, 621 (81 S. E. 1033). The petition seeks to charge the grantor in the security deed with $338.30 as attorney's fees. It contains no allegations of any compliance, or attempted compliance, with the requirements of Code § 20-506 as amended by Ga. L. 1953, p. 545. "Attorney's fees specified in a promissory note can be collected only on the statutory terms; . . ." *Byrd* v. *Equitable Life Assurance Society*, 185 *Ga.* 628 (5) (196 S. E. 63); *Walton* v. *Johnson*, 213 *Ga.* 108 (97 S. E. 2d 310).

The promissory note and debt secured by the deed is in the principal sum of $2,500, dated May 17, 1956, and was transferred on November 29, 1956. The note bears interest at the rate of 6% per annum, and had run for approximately six and one-half months. The amount of annual interest at 6% on $2,500 would be $150. No explanation is made of how the bank was entitled to demand and collect $237.42 as accrued interest at the time of the assignment. Since the assignee of the deed would be accountable to the grantor for the disposition of the proceeds of the sale, it may not, in order to assert that its open account comes under the provisions of the deed and is secured thereby, pay to the grantee in the deed interest in excess of the amount due.

Under the facts of this case, the assignee could not maintain an action for interpleader, and certainly its attorney can not do so. The judge of the superior court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur.*