## 43515. ADLER v. ORMOND et al.

SUBMITTED MARCH 4, 1968—DECIDED APRIL 3, 1968.

*Burt & Burt, Donald D. Rentz, H. P. Burt,* for appellant.

*Malone, Drake & Malone, Thomas W. Malone, Farkas, Landau & Davis, Lee & Hitchcock, P. Walter Jones,* for appellees.

FELTON, Chief Judge. The Judge of the Superior Court of Dougherty County issued an order to the effect that the Circuit Court of Tuscaloosa County, Alabama, in Case No. 16,673, styled "Marvin T. Ormond, as administrator of the Estate of Morice H. Adler, deceased, complainant, vs. Ben Adler, P. Walter Jones, Pearl H. Adler and Citizens & Southern Bank of Albany, respondents.—In the Circuit of Tuscaloosa County, Alabama, In Equity. Case No. 16673" had, with consent of all parties, transferred the case and funds in the amount of $3,436 to Dougherty Superior Court and ordered that the Clerk of Dougherty Superior Court docket said case and that Dougherty Superior Court took jurisdiction of said funds. A copy of the judgment of the Alabama court and the petition for interpleader were transferred to the Georgia court. The record shows that the Alabama action was filed under Authority of Equity Rule 36, 1940 Code of Alabama dealing with interpleader. The consequence of the above actions by the parties and the Judge of Dougherty Superior Court was to treat the case as pending in the Superior Court of Dougherty County. As transferred, the case was a pure equitable interpleader case. The petitioner had no interest in the property involved and was therefore a mere stakeholder. *Franklin v. Southern R. Co.,* 119 Ga. 855 (47 SE 344). For other citations see Georgia Procedure and Practice, Leverett, Hall & Christopher, § 6-10, pp. 152, 153. Thereafter Mary W. Thirtle filed a petition in Dougherty Superior Court,

entitled in the case as tranferred from the Alabama Court and designated "Action of Interpleader" in which she alleged that she was entitled to the funds in court by virtue of two assignments, one from Ben Adler, assigning his right, title and interest in his share of the Morice H. Adler estate to P. Walter Jones, and the other from P. Walter Jones to Mary W. Thirtle, assigning the title and rights assigned to him by Ben Adler. The petition prayed an order of the court requiring all claimants named in the petition the same as those originally named in the Alabama and Georgia Courts, except P. Walter Jones, to establish their claims by a date certain. The order was issued and served on the defendant claimants. The trial court entered a judgment after hearing all parties, the judgment entitled in the case as aforesaid "Interpleader," and awarded the funds to Mrs. Mary W. Thirtle, from which judgment Mrs. Pearle H. Adler appealed.

We realize that the nature of pleadings governs in the determination of what they are and that what parties call them is immaterial. It appears without question that the case as it stood in Alabama was in equity for two reasons. It was an interpleader case and sought an injunction in favor of the plaintiff against the defendant claimants. We think that the case without the injunction feature, which is not in the Georgia case, is in equity under *Code Ann.* § 37-1503, *Code* §§ 37-1504 and 37-1505. *Russell v. Ware,* 108 Ga. App. 628 (134 SE2d 48); *Russell v. Ware,* 220 Ga. 387 (139 SE2d 310). The petition for interpleader by Mrs. Thirtle was in effect an equitable intervention and was a bill in the nature of an interpleader (she claiming an interest in the property in the custody of the court) which is also cognizable by a court of equity. *Campbell v. Trust Co. of Ga.,* 197 Ga. 37 (28 SE2d 471, 152 ALR 1111). The parties to this appeal think that this court has jurisdiction because they think that *Code Ann.* § 81A-122 (CPA) makes this a *law* case. We do not think that this case comes under the Civil Practice Act provision. The only purpose of the above provision in the CPA § 22 is to provide for the bringing in of *additional* parties (one does not become a plaintiff or defendant until an action is filed) in a *law* action in only *one instance* and that is where there is a possibility of a *double-liability* as to a

party defendant or plaintiff who is made a party to an already pending *law* action. If the CPA § 22 intended by said provision to refer to an equity case, the provision would have been superfluous because additional parties could already be made in equity generally and in cases provided for in the above-numbered provision CPA § 22. We think that this is purely and simply an equity case under the Code sections on equity cited above in which the appellant intervened, which are in no way changed by the CPA § 22, *Code* § 37-1505. See Paragraph 2 of said provision. *Code Ann.* § 81A-122. See Editorial note to *Code Ann.* § 81A-102.

The Constitution of 1945, *Code Ann.* § 2-3704, provides in part as to Supreme Court jurisdiction: "and, until otherwise provided by law; . . . in all equity cases. . ." We do not think that the Civil Practice Act had the effect of amending existing laws so as to convert equity cases into law cases especially in view of the fact, as stated in the Editorial note to *Code Ann.* § 81A-102, many courts are still without affirmative equity jurisdiction. As to Federal courts, the problem is different because all district courts have identical jurisdiction.

This appeal is accordingly

       *Transferred to the Supreme Court. Eberhardt and Whitman, JJ., concur.*