### 25608. LEACHMAN, Trustee v. COBB DEVELOPMENT COMPANY.

SUBMITTED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

*Levine & Cohn, Morton P. Levine, Walter Beasley,* for appellant.

*Frank D. Holcomb, Robert E. McDuff,* for appellee.

MOBLEY, Presiding Justice. The appeal is from a judgment sustaining the defendant's motion to dismiss the plaintiff's complaint.

The complaint was filed by the plaintiff as trustee in bankruptcy for H. A. Walker, Sr., H. A. Walker, Jr., and Walker & Walker Builders, a partnership, and, as amended, prayed that a warranty deed from H. A. Walker, Sr., and H. A. Walker, Jr., to the defendant be declared null and void and be set aside, or in lieu thereof that the defendant pay to the plaintiff any and all equity in the real estate at the time of the conveyance.

■ The defendant (appellee) contends that the court properly sustained its motion to dismiss the complaint for the reason that the plaintiff failed to comply with the requirement of *Code Ann.* § 81A-109 (b) (Ga. L. 1966, pp. 609, 620) that, "In all averments of fraud, . . . the circumstances constituting fraud . . . shall be stated with particularity."

We believe the plaintiff met this requirement in alleging that the bankrupts transferred this property by deed without consideration at a time when they were insolvent or were rendered insolvent by the transfer, that the transfer was made to delay creditors, that they were coerced by the defendant to deed the property to it, and that at the time of the transfer the bankrupts had equity in the property.

*Code* § 28-201 provides: "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz.: . . . (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance."

Under this Code section a voluntary deed made by a debtor may be set aside by his creditor if the debtor was insolvent, or was thereby rendered insolvent. *Cunningham v. Avakian,* 192 Ga. 391 (2) (15 SE2d 493); *Neal v. Stapleton,* 203 Ga. 236 (2a) (46 SE2d 130); *Downs v. Powell,* 215 Ga. 62 (2) (108 SE2d 715). Since the statute declares such a conveyance to be fraudulent in law, the allegations of the complaint allege fraud with the particularity required by *Code Ann.* § 81A-109 (b).

■ The defendant makes the further contention that the complaint is fatally defective because it fails to allege that the property was still owned by the defendant at the time the action was brought, since bona fide purchasers of the property would be protected. *Code* §§ 37-114, 29-401.1 (Ga. L. 1964, p. 475).

By amendment the plaintiff alleges that there was equity in the property for the benefit of creditors at the time of the conveyance by the bankrupts to the defendant, and prays that the warranty deed be declared null and void and set aside, "or in lieu thereof that the defendant herein pay to plaintiff any and all equity in said real estate at the time of the said conveyance."

Property in the hands of a fraudulent grantee is held in trust for the creditors of the fraudulent grantor, and if the property is converted into money, the fraudulent grantee will be compelled in equity to account for the money received. *Beasley v. Smith*, 144 Ga. 377, 380 (87 SE 293); *Young v. Wilson*, 183 Ga. 59, 69 (187 SE 44); *Edwards v. United Food Brokers, Inc.*, 195 Ga. 1, 6 (22 SE2d 812).

The failure to allege that the property was still owned by the defendant would not make the complaint subject to dismissal, since the defendant could be required to account for any money received from the property, if it was, in fact, fraudulently conveyed to delay creditors.

The complaint was sufficient to state a claim upon which relief could be granted, and it was error to dismiss it.

*Judgment reversed. All the Justices concur.*