### 45063. MIDLAND NATIONAL LIFE INSURANCE COMPANY v. EMERSON.

BELL, Chief Judge. Plaintiff brought this action in the Superior Court of Richmond County to recover commissions allegedly due him under a contract. According to the complaint, the contract provided that whenever a general agent or subagent under plaintiff's supervision was discharged, any non-vested premium commissions earned by the discharged agent became the property of the plaintiff; that two general agents, supervised by plaintiff, were discharged by defendant. After the filing of pleadings denying plaintiff's claim, defendant filed a motion to add the two discharged agents as parties defendant. One of these, Peter M. Ferro, has a prior pending civil action in the same court against defendant seeking to recover substantially the same commissions as plaintiff. The other agent, a Charles M. McGaha, apparently has not commenced any action against defendant insurance company for recovery of any commissions. The latter is a resident of Muscogee County. The trial court overruled the motion to make the discharged agents parties and certified this denial for review. *Held:*

(a) The defendant cites as authority for reversal portions of the Civil Practice Act, on the joinder of conditionally necessary parties, and on interpleader. *Code Ann.* §§ 81A-119 (b) and 81A-122 (a). *Code Ann.* § 81A-119 (b) provides for the addition of persons who are not indispensable but "who ought to be parties if complete relief is to be accorded between those already parties . . . and are subject to the jurisdiction of the court." McGaha is a resident of Muscogee County. As this is an action at law and has no equitable features, McGaha is not of the class who may be sued in a county other than the county of his residence as authorized in Pars. IV and V of Sec. XIV, Art. VI of the Georgia Constitution. *Code Ann.* §§ 2-4904 and 2-4905. He is not subject to the jurisdiction of the Richmond Superior Court, and *Code Ann.* § 81A-119 (b) cannot have application to McGaha. Defendant's contention that his motion should be treated as an original pleading for interpleader has no merit for the same reason. The purpose of *Code Ann.* § 81A-122 (a) is to bring in additional parties in an action at *law* in the one instance where there is a possibility of double liability as to a party plaintiff or de-

fendant. *Adler v. Ormond,* 117 Ga. App. 600, 601 (161 SE2d 435). This cannot be classified as a pleading for equitable interpleader which would subject McGaha to suit in a county other than that of his residence as permitted by Art. VI, Sec. XIV, Par. III of our Constitution. *Code Ann.* § 2-4903. A necessary ingredient of equitable interpleader is that the stakeholder must be disinterested. *Code Ann.* § 37-1503; *Manufacturers Finance Co. v. Jones Co.,* 141 Ga. 619 (81 SE 1033). Defendant is not disinterested as he denies liability to the plaintiff as well as the other two parties.

(b) Ferro has a prior pending action in the trial court against the defendant to recover the same commissions as plaintiff. This being the case, defendant's motion as to Ferro must be construed as a motion to consolidate under *Code Ann.* § 81A-142 (a). Consolidation may be had under this provision of law provided the parties consent. The record does not show consent by Ferro.

The trial court did not err in overruling defendant's motion and the judgment is

*Affirmed. Quillian and Whitman, JJ., concur.*

SUBMITTED JANUARY 6, 1970—DECIDED MARCH 17, 1970.

*McGahee, Plunkett & Benning, Keith W. Benning,* for appellant.

*Sanders, Hester, Holley, Ashmore & Boozer, Thomas R. Burnside, Jr., Lamar C. Walter,* for appellee.