## 49743. BOB PARROTT, INC. v. FIRST PALMETTO BANK et al.

CLARK, Judge.

This appeal involves two questions: (1) determination of priority to the proceeds of a loan deed foreclosure sale; and (2) the right of a holder of a subordinate loan deed to sue in assumpsit for money had and received seeking payment of the surplus arising from the foreclosure sale conducted under the terms of the superior security instrument.

For convenience we will refer to the First Palmetto Bank, grantee in the first loan deed and holder of the surplus, as "Bank." Appellant, Bob Parrott, Inc., grantee in both a second and third loan deed, will be denominated as "Subordinated Lender." All three loan deeds covered a single parcel of realty. The first loan deed did not contain an "open-end" clause commonly called the "dragnet" provision. We note this omission because banking institutions in Georgia generally use the "open-end"

agreement for the purpose of retaining priority for subsequent advancements between borrower and lender. See Code Ann. § 67-1316; *Wylly v. Screven,* 98 Ga. 213 (2) (25 SE 435); *Bowen v. Kicklighter,* 124 Ga. App. 82 (183 SE2d 10).

On February 6, 1973, the date on which the first loan deed was foreclosed, the amount owing on the priority obligation was $37,543.56. Subordinated Lender, holder of second and third loan deeds, bid $1.01 higher than the Bank's offer and thus as the highest bidder at the public sale acquired the property. The amount of this best bid resulted in a surplus of $4,291.76 remaining in the Bank's possession in excess of the initial obligation specifically secured by the foreclosed instrument. Immediately upon completion of the foreclosure sale the Subordinated Lender made written demand for payment of this surplus. The Bank refused to surrender the surplus, claiming it was entitled to these funds because the borrower owed it this amount upon two promissory notes representing loans which had no reference to the property and were not mentioned in the foreclosed security deed. The Bank's bid at the sale had been for an amount which covered the sums due under the first security instrument plus these independent unsecured debts.

The Subordinated Lender then brought this action for money had and received, claiming all surplus proceeds above the amount specifically secured. The Bank claimed it had priority on the basis that it had these funds in its possession and therefore was entitled to apply it as an offset to satisfy the borrower's other obligations to it. After establishing these facts through depositions and affidavits, each party sought summary judgment. The trial court granted the Bank's motion and denied that of the Subordinated Lender in a single order. This appeal is from the judgment granting the Bank's motion.

1. "(W)here the deed (to secure debt) identifies a particular debt, it cannot be extended to cover other debts except by a new agreement between the parties, subject to the rules governing recording and priorities." Pindar, Ga. Real Est. Law, 795, § 21-31. The author's statement is based upon the ruling by this court in *Troup Co. v. Speer,* 23 Ga. App. 750 (99 SE 541). Accordingly, the priority

possessed under the foreclosed first loan debt is expressly limited to the specific obligation that was thereby secured, in the absence of an "open-end" clause.

2. The holder of a subordinate loan deed may claim surplus funds accruing from the foreclosure of the first loan. *East Atlanta Bank v. Limbert,* 191 Ga. 486 (12 SE2d 865). The Supreme Court's ruling in the *Limbert* case is stated to be on the theory that the money stands for the land and therefore "such surplus funds retain the character of real estate in so far as junior lienholders whose liens were divested by the sale are concerned."

3. The obligation of making proper distribution of the proceeds was placed upon the Bank. *Holland v. Sterling,* 214 Ga. 583, 585 (105 SE2d 894). The funds are to be applied first to costs incurred in the sale, attorney fees, and principal plus interest of the secured indebtedness. "Any surplus remaining after these items must generally be paid over to the grantor or his assignee. Mere knowledge of the existence of other claims will not justify him in withholding payment unless such claimants file appropriate proceedings to subject the funds in his hands." Pindar, supra, 833, § 21-88.

Thus, the surplus funds here could have been applied by the Bank to the other debts owing to it excepting for the claim and notification thereof made by the Subordinated Lender. Under the authorities hereinbefore cited it is clear that the Subordinated Lender had priority over the Bank as to the surplus proceeds on the basis that these funds were substituted for the land when the foreclosure divested the liens of the second and third loan deeds held by Subordinated Lender and the independent debts were not included in the foreclosed security instrument.

4. Did the Subordinated Lender adopt a proper remedy in suing for money had and received? In his brief, able counsel for the Bank has pointed out this specific question has not heretofore been decided in Georgia. Previous adjudications have involved garnishment. See *Columbus Plumbing &c. Co. v. Home Federal &c. Assn.,* 104 Ga. App. 36 (121 SE2d 62) and *Elder Building Supply Co. v. Wall,* 114 Ga. App. 117 (150 SE2d 350).

The equitable nature of the legal remedy of assumpsit makes it clear that such procedure is proper.

We deem it appropriate to quote from the opinion by the late Judge (later Justice) Quillian in *Fain v. Neal,* 97 Ga. App. 497, 498 (103 SE2d 437): "In *Haupt v. Horovitz,* 31 Ga. App. 203 (1) (120 SE 425) it is well stated: ' "An action for money had and received lies in all cases where another has received money which the plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain." [Cits.] In such an action "the law implies a promise on the part of any person who has received the money of another to pay that person on demand. The reception of money by one and the demand by the other makes all the privity that is necessary to maintain this action." [Cits.] "It is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner." (Cits.)' " See also 58 C. J. S. 919, Money Received, § 8b, stating that "Any surplus arising on the sale of a security for a debt may be recovered in an action for money had and received by the person entitled thereto, whether the original debtor or subsequent mortgagee, and a junior mortgagee, after refusal of the senior mortgagee to deliver over surplus proceeds, may forego his lien and rely wholly on the action for money received."

5. The trial court erred in granting judgment for the Bank.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED OCTOBER 7, 1974 — DECIDED
DECEMBER 4, 1974.

*Coggins, Haddon, Stuckey & Thompson, T. Jerry Jackson,* for appellant.
*Andrew W. Estes,* for appellee.