## 33781. STONE v. DAVIS et al.

Marshall, Justice.

The appellee Davis is the assignee of a deed to secure debt executed by the appellant's husband. Davis foreclosed on this security deed, and he subsequently filed an interpleader action naming multiple claimants to a surplus fund remaining in his hands following the foreclosure sale. The appellant, whose husband had previously conveyed his equity in the property to her, moved that the interpleader action be dismissed and that she be paid the surplusage. The trial court denied her such relief, and she appeals.

Here is a summary of the events leading to the filing of this interpleader action: On March 11, 1968, Dr. William D. Stone executed a promissory note and deed to secure debt in favor of Statewide Mortgage Co. The property conveyed by the deed to secure debt is located in Fulton County. While Dr. Stone was the grantor of record of this deed to secure debt, the State Revenue Commissioner and Great American Management & Investment Co. filed writs of fieri facias in the amounts of $25,507.25

and $1,422,634.84, respectively, against Dr. Stone on the general execution docket of Fulton County. On November 17, 1975, Dr. Stone conveyed by warranty deed his equity in the property to his wife, Gloria C. Stone, the appellant herein. The warranty deed recited as the consideration for the conveyance "$10.00 and love and affection." After the warranty deed was recorded, the following writs of fieri facias in the following amounts were filed against Dr. Stone on the general execution docket of Fulton County: First Federal Savings & Loan Association of Rochester, $920,059.00; Center Brothers, Inc., $21,125.96; George F. Richardson, Inc., $28,183.51; Whitehead Electric Co., $49,920.93; R. T. M. Masonry, Inc., $22,551.25; Norris & Co., Inc., $163,459.66.

Statewide Mortgage Co. assigned Dr. Stone's note and security deed to Jefferson Davis, Jr., the appellee herein. Upon default, Davis foreclosed on the security deed on August 2, 1977, by exercising a power of sale contained therein. The property was purchased at the foreclosure sale for $45,000. After Davis deducted $21,788.07 due him as proceeds of the sale, there remained a surplus of $23,211.93.

Davis' attorney was informed by a representative of the State Revenue Commissioner that the commissioner had priority to the surplus fund and that payment of the fund to anyone other than the commissioner would be wrongful.

Davis filed this interpleader action on August 30, 1977, naming over 25 parties with apparently well-founded claims to the surplus fund. In the complaint, it was alleged that the existence of these claims rendered it doubtful and dangerous for the plaintiff to act in paying out the surplus, and exposed him to double or multiple liability. A total of 18 parties named as defendants in the interpleader action answered and filed claims to the surplus fund. Mrs. Stone answered and filed a counterclaim against Davis. She alleged that institution of the interpleader action by Davis was wrongful in view of a clause in the security deed which provided that after the proceeds of a foreclosure sale had been applied to the amounts owed the grantee, the remainder, if any, would be paid to the grantor. In her counterclaim, Mrs. Stone

sought damages against Davis, and she prayed that the surplus fund be paid to her. Davis filed motions before the trial court, which contained prayers: (1) that garnishments filed against him by four of the defendants in interpleader be enjoined; (2) that he be allowed to pay the surplus funds into the court registry; (3) that the court dismiss Mrs. Stone's counterclaim against him; and (4) that he be discharged from the action. The trial court rendered a judgment granting Davis all of the foregoing relief. Mrs. Stone appeals. *Held:*

The dispositive question in this appeal is whether the institution of the interpleader action by Davis was wrongful.

Interpleader actions may be instituted in Georgia either under strict equity practice (Code §§ 37-1503— 37-1505), or under the Civil Practice Act (Code Ann. § 81A-122; Ga. L. 1966, pp. 609, 632; 1967, pp. 226, 232). Under Code § 37-1503, "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Code Ann. § 81A-122 (a) provides for the bringing in of additional parties in an action where there is a possibility of a double liability as to a party plaintiff or defendant. *Adler v. Ormond,* 117 Ga. App. 600 (161 SE2d 435) (1968). The remedy for interpleader provided for in the Civil Practice Act is in addition to and in no way supersedes or limits the remedy of equitable interpleader provided for in Code § 37-1503 et seq. Code Ann. § 81A-122 (b). However, "Section 22 of [the Civil Practice Act] broadened and liberalized the rules relating to the remedy of interpleader so as to render the technicalities formally associated with the equitable remedy of a strict bill of interpleader no longer applicable to complaints tried under that section." *Algernon Blair, Inc. v. Trust Co. of Ga. Bank of DeKalb,* 224 Ga. 118, 120 (160 SE2d 395) (1968).

Davis correctly notes that those parties holding writs of fieri facias against Dr. Stone, which were recorded before he conveyed the property to his wife, have claims to the surplus fund under the principle that, although their

liens were divested from the property by the foreclosure sale, the liens attached to the proceeds of the sale. *East Atlanta Bank v. Limbert,* 191 Ga. 486 (12 SE2d 865) (1941); *Bob Parrott, Inc. v. First Palmetto Bank,* 133 Ga. App. 447 (211 SE2d 401) (1974). Davis also argues that those parties holding writs of fieri facias against Dr. Stone, which were recorded after he conveyed the property to his wife, had at least colorable claims to the surplus fund under the theory that the conveyance from Dr. Stone to his wife had been in fraud of creditors' rights. Under these circumstances, if the property is sold and converted into money, the money is impressed with a trust in favor of the defrauded creditors, and a fraudulent grantee can be compelled in equity to account for the money. *Leachman v. Cobb Development Co.,* 226 Ga. 103 (172 SE2d 688) (1970); *Young v. Wilson,* 183 Ga. 59 (1) (187 SE 44) (1936); *Beasley v. Smith,* 144 Ga. 377 (87 SE 293) (1915). Davis argues that since he had reasonable grounds for suspicion that the transfer of the property to Mrs. Stone was made with the intention to hinder, delay or defraud those creditors, by paying the surplus funds to Mrs. Stone he would have incurred potential liability to the creditors as a collusive fraudulent grantee. Code § 108-423; *McLendon v. Reynolds Grocery Co.,* 160 Ga. 763 (129 SE 65) (1925).

It is unnecessary in this case to decide whether such an action against Davis would have been meritorious. The only issue for decision here is whether the question was close enough to entitle him to file this interpleader action. We hold that it was. "[I]t is not incumbent upon the holder to decide at his peril either close questions of fact or of law to entitle him to have the parties at interest set up their claims for determination . . ." *Gunby v. Harper,* 216 Ga. 94, 97 (114 SE2d 856) (1960).

The language in *Holland v. Sterling,* 214 Ga. 583, 585 (105 SE2d 894) (1958), to the effect that a party foreclosing on a security deed is bound by a clause in the deed requiring that any surplus funds be paid to the grantor "in the absence of proper proceedings by one or more of the alleged claimants to the fund to prevent such payment," is disapproved. Giving legally binding effect to such a clause might, under the circumstances of the

present case, give the grantor in the security deed a legally enforceable means to perpetrate a creditor fraud and preclude the grantee in the security deed from filing an interpleader action in a situation where it is needed for his protection.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 10, 1978 — DECIDED SEPTEMBER 5, 1978.

*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr., James H. Rollins,* for appellant.

*Kenneth L. Drucker, Tony Center, Arthur K. Bolton, Attorney General, Linda R. Birrel, Staff Assistant Attorney General, Ferrin Y. Mathews, Henry M. Murff, Daniel F. Bridgers, Sutherland, Asbill & Brennan, Haynes R. Roberts, H. Edward Hales, Jr., Powell, Goldstein, Frazer & Murphy, Bruce B. Weddell, Hopkins, Dunlevie & McNairy, Alton H. Hopkins, Steven S. Dunlevie, R. M. Bernhardt, Stokes & Shapiro, Ira J. Smotherman, Jr., Sally A. Blackmun, Westmoreland, Hall, McGee & Warner, P. Joseph McGee, McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Harney,* for appellees.