## 56205. MARTIN v. EMPIRE BANKING COMPANY.

BELL, Chief Judge.

The plaintiff sued to recover a claimed surplus of funds arising from a foreclosure sale of real and personal property conducted by defendant bank under the authority contained in the provisions of security instruments. Plaintiff's motion for directed verdict was denied. A jury returned a verdict for defendant and a judgment was entered. Plaintiff moved for judgment notwithstanding the verdict and in the alternative for new trial. The motion was denied. *Held:*

1. The defendant bank held promissory notes from a third party, Mrs. King, who was doing business as King

Hardware. Her husband conducted the business and held her general power of attorney. The notes were secured by a deed to secure debt to realty and a personalty security agreement which generally covered the stock of inventory at the hardware store. Both security instruments contained "open end" clauses which covered all other indebtedness that may arise between the parties. The balance due on the notes at the time of foreclosure was $45,646.35. The plaintiff held a promissory note from Mrs. King which was secured by a realty security deed and personalty security agreement covering the same realty and personalty. The balance due on plaintiff's note at the time of foreclosure sale was $12,699.96. The parties stipulated that as of the date of the foreclosure sale, the defendant held the valid first lien to the realty and personalty and plaintiff was the valid second lienholder. The property was sold for $110,000. At the time of the foreclosure sale the defendant bank also held discounted conditional sales security agreements made by numerous purchases of appliances from King Hardware, as seller, in the amount of $64,436.66. These instruments all contained the following recourse provision:

"(1) Full Recourse. Pay to Empire Banking Company, the undersigned seller hereby unconditionally guarantees payment of the full amount remaining unpaid under the contract and agrees to purchase it from assignee for cash upon its tender to the Seller, whether or not then in default, without resort by the Bank to any party or to repossession or sale of the property." It was also shown that the expenses of sale exceeded $9,000. The defendant bank retained all of the $110,000 obtained at sale for the realty and personalty and has made no payment to the plaintiff. Plaintiff contended that since the total debt due the bank on the notes was only $45,656.35 at the time of foreclosure and that since this amount of the proceeds of the foreclosure sale was in excess of that due defendant, plaintiff was entitled to be paid the amount due her on her note out of this surplus.

Plaintiff further argues that the total amount of the conditional sales contracts assigned to it by King cannot be included in the proceeds garnered from the foreclosure sale because these contracts were never tendered back to

Mrs. King or reassigned to her.

The executive vice president of the bank testified that just prior to foreclosure, the Kings had requested an additional loan which was denied by the bank as the hardware business was then in dire financial straits; that he asked Mrs. King for the approximate unpaid balance due on the conditional sales contracts and the latter advised that they, he and his wife, had no financial resources whatsoever to make any payments to the bank; the bank's attorney also testified that the Kings had literally given the keys to the hardware store to bank officials as they had no capital to further the operation of the business.

Assuming but not deciding that the vice president's testimony would be insufficient to show a tender, a formal tender was not required. It was shown by testimony of the Kings and other witnesses that the business was financially defunct and to make a tender of the conditional sales contracts was useless formality as nothing would have been collected from Mrs. King on them. The law does not require the performance of a useless act. *Miller v. Watson,* 139 Ga. 29 (76 SE 585). Thus the defendant was authorized to treat the unpaid conditional sales contracts at the time of the foreclosure as indebtedness that fell within the open end provisions of the two security instruments.

The above evidence authorized the jury to find that at the time of the foreclosure sale the bank had a claim of indebtedness that exceeded the amount of the proceeds of the sale and there were no surplus funds left to pay the plaintiff. It was also made to appear that *after* the foreclosure sale the bank continued to make collections on these conditional sales contracts which over a period of time resulted in the bank collecting an amount in excess of the debt owed plaintiff. Surplus funds may be recovered by a subordinate lienholder that arise from the foreclosure sale. *Bob Parrott, Inc. v. First Palmetto Bank,* 133 Ga. App. 447 (211 SE2d 401). However, we know of no authority and none has been cited to us which would authorize the bank to legally pay any of these funds which were acquired after the foreclosure sale as a result of the bank's continued collection action. In summary the

evidence does not demand a verdict and judgment for plaintiff. The trial court therefore did not err in denying the motions of plaintiff.

2. The court's charge on tender of money or property and that the law does not require the performance of a useless formality was not error as the evidence authorized the charge.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JUNE 27, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 7, 1978 — 

*Blackburn, Bright & Dodd, J. Converse Bright, Brooks E. Blitch,* for appellant.

*Kopp, Peavy & Conner, John G. Kopp, Thomas C. Chambers, III, J. Edwin Peavy,* for appellee.