### 35443. CHEEK et al. v. SAVANNAH VALLEY PRODUCTION CREDIT ASSOCIATION et al.

BOWLES, Justice.

In 1975, in consideration for a loan, Hubert Cheek executed a deed to secure debt to the Federal Land Bank of Columbia on land located in Hart County, Georgia. In 1976, also in consideration for a loan, Hubert Cheek and Thomas Cheek executed deeds to secure debt to the Savannah Valley Production Credit Association (hereinafter SVPCA) on the same land. In 1977, Hubert Cheek died testate and Lee Jerkins was appointed executor and trustee of his estate.

The appellants, Cheek and Jerkins defaulted on their loans.[1] SVPCA sent them a notice declaring the loans due and announced their intention of selling the personal property held as security. The Federal Land Bank of Columbia declared its loan due and proceeded to foreclose on the real property held as security. Columbia declared its loan due and proceeded to foreclose on the real property held as security. After the sale of the real estate and payment of all expenses, etc., the Federal Land Bank held an excess of $29,441.97. Appellants claim the excess under a provision in their contract with the Federal Land Bank. SVPCA claims the excess as a second lienholder. SVPCA obtained a temporary restraining order preventing the Federal Land Bank from disbursing the excess proceeds to appellants and filed a complaint seeking to obtain the excess for itself. After the Federal Land Bank paid the proceeds into court, it was dismissed from the case.

SVPCA filed a motion for summary judgment as to

---

[1]These loans and others secured by personal property.

Count 1 of its complaint which sought recovery of the excess proceeds and the trial court granted the motion. Appellants had filed a cross-motion for summary judgment on the same count but the trial court made no specific ruling thereon.

We affirm.

1. All issues concerning the validity or invalidity of the temporary restraining order are moot. "[A] temporary restraining order has no validity after the expiration of thirty days unless the party against whom the order is directed consents that it may be extended for a longer period. Code Ann. § 81A-165 (b)" *Shelton v. Peppers,* 237 Ga. 101 (227 SE2d 29) (1976). The record does not reflect that such consent was given.

2. Appellants complain that the trial court should have dismissed Count 1 of the complaint for improper venue. They contend that the Federal Land Bank was the only defendant against whom substantial relief was prayed and that it had no agent, office, or place of business in Hart County. See Code Ann. § 2-4303.

The Federal Land Bank admitted jurisdiction in Hart County. Thomas Cheek is a resident of Hart County and is a defendant against whom substantial relief is prayed. Lee Jerkins, while a resident of Clarke County, is a joint obligor with Cheek. See Code Ann. § 3-204. Consequently, venue was proper in Hart County as to all parties.

3. Appellants complain that Count 1 of the complaint should have been dismissed because SVPCA sought confirmation of the Federal Land Bank's sale of the land — i.e. land which SVPCA itself did not sell. The trial court has not ruled specifically on this contention.

While the major thrust of SVPCA's Count 1 is the seeking of the $29,000 in excess proceeds from Federal Land Bank's sale of the land, SVPCA also asked the court to *issue* an order confirming the sale of that land. The trial court's order granting summary judgment on Count 1 clearly deals solely with the question of excess proceeds. No order has been issued confirming Federal Land Bank's sale of the land and properly not. Only the "person instituting the foreclosure proceedings" can seek

confirmation of a sale. See Code Ann. § 67-1503. However, no confirmation is needed here. SVPCA did not sell any real estate and therefore the judgment it seeks in its Count 2 is not for a "deficiency" resulting from obtaining less than the amount of the debt secured by the real estate. See *Collier v. Sinkoe,* 135 Ga. App. 732 (1) (218 SE2d 910) (1975).

4. Appellants urge that the trial court erred when it failed to hold that they were entitled to the excess proceeds as a matter of law.

"Where land is sold under a power of sale contained in a security deed, and the sale produces a sum in excess of the debt secured by the deed, such surplus funds retain the character of real estate in so far as junior lienholders whose liens were divested by the sale are concerned. . ." *East Atlanta Bank v. Limbert,* 191 Ga. 486 (2) (12 SE2d 865) (1941). See also *Stone v. Davis,* 242 Ga. 17 (247 SE2d 756) (1978). The trial court correctly held as a matter of law that SVPCA, and not appellants, was entitled to the excess funds.

5. Appellants assert that the trial court erred in ordering the excess proceeds into the registry of the court and then dismissing the Federal Land Bank from the case. This action was proper. The dispute over the funds was between SVPCA and appellants. No further relief against Federal Land Bank was sought or necessary. The Federal Land Bank was merely a stakeholder.

6. Appellants contend that SVPCA should not have been awarded the excess proceeds arguing that what it was seeking was a deficiency judgment after the sale of appellants' personal property and that SVPCA had not complied with the requirements of Code Ann. §§ 109A-9—504 and 109A-9—506 in the sale of the personal property. This contention is plainly without merit. What SVPCA is seeking to do in Count 1 is essentially to foreclose on the sum of money which has taken the place of the real estate it had held as security. See Division 4 above. It is not seeking any sort of "deficiency" judgment in its claim to the excess proceeds.

7. Finally, appellants claim that summary judgment was improperly granted SVPCA since its depositions, admissions, and affidavits were not timely

filed. It urges that the trial court should have granted its motion to dismiss two affidavits.

In its order granting SVPCA summary judgment, the trial court stated that it had studied the parties' briefs and had reached its conclusions. The order did not state that any depositions, admissions, or affidavits were considered by the court in reaching its decision. To the contrary, the pleadings and the facts as admitted by appellants in their brief to this court fully support the grant of summary judgment in favor of SVPCA and not to appellants.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 9, 1979 — DECIDED NOVEMBER 26, 1979.

*Joseph S. Skelton, Walter E. Leggett, Jr.,* for appellants.

*Harper & Matthews, Eugene W. Harper, Jr.,* for appellees.