## A93A0447. DODSON v. FARM & HOME SAVINGS ASSOCIATION.
### (430 SE2d 880)

ANDREWS, Judge.

Title to the subject real property was deeded from Dodson to Farm & Home Savings Association (Farm & Home) pursuant to a non-judicial foreclosure under the terms of Farm & Home's security deed over the property. After Farm & Home purchased the property at the foreclosure sale, it brought the present dispossessory action against Dodson to take possession of the premises. Dodson appeals from the order of the trial court granting summary judgment to Farm & Home on the issue of possession.

It is undisputed that Farm & Home purchased the property at the foreclosure sale for $50,526.53. Dodson claims that after the

purchase price is applied to costs of sale, attorney fees, and the balance of the secured debt, a surplus remains to which he is entitled. See *Bob Parrott, Inc. v. First Palmetto Bank*, 133 Ga. App. 447, 449 (211 SE2d 401) (1974); *Stone v. Davis*, 242 Ga. 17 (247 SE2d 756) (1978); Pindar, Ga. Real Est. Law, § 21-88 (3rd ed.). Dodson further contends that his right to receive surplus funds gives him an equitable interest in the property sufficient to allow him to retain possession until he receives payment. Assuming Dodson has a claim to surplus funds from the foreclosure,[1] it is based on an interest in the funds, not on a continuing interest in the property sold at the foreclosure. "Surplus moneys arising on foreclosure stand in place of the land itself as to liens thereon or vested rights therein. . . . The surplus funds represent the equity of the owner in the real estate, and until the attorney in fact has paid these funds to a person entitled thereto there is no reason why equity should not take jurisdiction to impress liens upon them." *East Atlanta Bank v. Limbert*, 191 Ga. 486, 490 (12 SE2d 865) (1941); *Cheek v. Savannah Valley &c. Assn.*, 244 Ga. 768 (262 SE2d 90) (1979); *Stone*, supra at 19-20.

The foreclosure sale and deed, the validity of which are not at issue here, placed sole title to the property in Farm & Home, extinguished Dodson's equity of redemption (see *Kennedy v. Trust Co. Bank &c.*, 160 Ga. App. 733, 736 (288 SE2d 87) (1981)), and put Dodson in the position of a tenant at sufferance subject to dispossession under the provisions of OCGA § 44-7-50 et seq. *California Fed. Savings &c. Assn. v. Day*, 193 Ga. App. 690, 691 (388 SE2d 727) (1989); *West v. Veterans Administration*, 182 Ga. App. 767, 768 (357 SE2d 121) (1987). Moreover, "[c]laimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under [OCGA § 44-7-50 et seq.]. The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property until and unless the sale is set aside." *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 115 (274 SE2d 34) (1980); *Powell v. Bank South, N. A.*, 202 Ga. App. 852, 853-854 (415 SE2d 543) (1992); *Cotton v. Fed. Land Bank &c.*, 171 Ga. App. 360 (320 SE2d 235) (1984).

The trial court properly granted summary judgment to Farm & Home on the issue of possession.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

---

[1] The existence of a surplus is disputed. As Farm & Home points out, there was no reason for it to purchase the property at a bid in excess of its costs and attorney fees plus the loan balance.

DECIDED APRIL 29, 1993.

*J. L. Jordan*, for appellant.
*David R. Passino*, for appellee.