McFADDEN, Judge,
concurring in part and dissenting in part.
I concur in Divisions 1 and 2. Because the Tax Director is entitled to reasonable attorney fees only for discharging the limited role of a plaintiff in interpleader, I respectfully dissent from Division 3.
A requirement for a plaintiff to file an interpleader action is that she “must not have or claim any interest in the subject matter.” Almand v. Reese, 209 Ga. 138, 142 (2) (71 SE2d 223) (1952). Once she is no longer disinterested, she loses the right to require the other parties to interplead. See Gardner v. Haas, Howell & Dodd, Inc., 178 Ga. 685, 687 (173 SE 863) (1934).
And although OCGA § 48-4-5 allows the trial court to award reasonable attorney fees, in interpleader actions, “[t]he general justification for granting counsel fees is that the stakeholder is helping the parties to a prompt result, and because of the minimal work required to institute a suit in interpleader, the fund will not be seriously depleted.” Mass. Mut. Life Ins. Co. v. Central Penn Nat. Bank, 372 FSupp. 1027, 1044 (E.D. Pa. 1974) (punctuation omitted). The crucial factor is that the stakeholder must be disinterested in the outcome. Midland Nat. Life Ins. Co. v. Emerson, 121 Ga. App. 427, 428 (a) (174 SE2d 211) (1970). If the stakeholder is not disinterested, “it is necessary for the court to segregate the costs incurred in performing the ‘stakeholder’function and award the plaintiff only those fees.” Mass. Mut., 372 FSupp. at 1044.
Here, as the majority acknowledges, the Tax Director was not disinterested. First, as noted in Division 2 of the majority opinion, the Tax Director herself made a direct claim to a portion of the funds. Second, as the majority acknowledges, the Tax Director acted as an advocate, arguing that SPS had a priority interest in the funds. The proper course would have been for the Tax Director to seek dismissal as a party to the action, not to assert her own claims or to advocate on behalf of another. Cheek v. Savannah Valley Production Credit Assn., 244 Ga. 768, 770 (5) (262 SE2d 90) (1979). I would hold that the Tax Director was not entitled to attorney fees for asserting her own direct claim or for acting as an advocate for SPS, vacate the award of attorney fees, and remand for recalculation accordingly.
*764 Jenkins & Bowen, Robert L. Walker; W. Spencer Lee IV, for appellees.