## 56238. HANOVER INSURANCE COMPANY v. FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.

WEBB, Judge.

This is an appeal by an insurer from a grant of summary judgment against it, and in favor of the mortgagee-loss payees, awarding recovery to them under a policy of fire insurance covering an owner-occupied dwelling. The policy contained a mortgagee clause setting forth various rights of the mortgagee-loss payees, "Provided also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard, which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise, this policy shall be null and void."

It is the contention of the insurer that this clause militated against the grant of summary judgment because prior to the loss of the home by fire the mortgagee had foreclosed and bought it in, taking a deed under power of sale, but had failed to notify the insurer as required by the above clause that the ownership had changed, the home was vacant, and the hazard had increased. Inasmuch as the movants for summary judgment failed to carry their burden of eliminating these issues from the case, the judgment must be reversed. *Cumberland Assoc. v. Market Assistants, Inc.,* 142 Ga. App. 483 (236 SE2d 109) (1977).

While the insurer contends that Headnote (4) in *Southern States Fire &c. Ins. Co. v. Napier,* 22 Ga. App.

361 (96 SE 15) (1918) was wrongly decided inasmuch as its holding that the mortgagee need not notify the insurer of its obtaining title to the property is in direct conflict with the plain language of the contract, we need not review *Napier* at this time since the additional elements of change of occupancy and increase of hazard, which are present in the policy here but absent there, serve to distinguish it.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED SEPTEMBER 25, 1978 — REHEARING DENIED OCTOBER 18, 1978 — 

*James B. Wall, A. Rowland Dye, Thomas W. Tucker,* for appellant.

*Nixon, Yow, Waller & Capers, Regnald Maxwell, Jr.,* for appellees.