243 Ga. 609 (1979)
255 S.E.2d 685
FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.
v.
HANOVER INSURANCE COMPANY.
34390.
Supreme Court of Georgia.
Argued February 20, 1979.
Decided April 17, 1979.
Rehearing Denied May 8, 1979.
*611 Nixon, Yow, Waller & Capers, Regnald Maxwell, Jr., John B. Long. for appellants.
Dye, Miller, Bowen & Tucker, A. Rowland Dye, Thomas W. Tucker, for appellee.
NICHOLS, Chief Justice.
Certiorari was granted to review the decision of the Court of Appeals in Hanover Ins. Co. v. Federal Nat. Mtg. Assn., 147 Ga. App. 573 (249 SE2d 626) (1978).
Hanover sought a declaratory judgment determining its liability, if any, under an insurance policy that named Fickling & Walker, the mortgage-servicing agent for Federal National Mortgage Association, as mortgagee. Fickling & Walker originally had been the lender but has assigned the loan and security deed to FNMA. The debtor had defaulted FNMA had bought the property in after exercise of the power in the security deed, and a deed to FNMA had been recorded on *610 November 7, 1973. The fire loss had occurred on November 11, 1973. The trial court ruled in favor of FNMA and Fickling & Walker, and the Court of Appeals reversed. This court reverses the Court of Appeals.
The Court of Appeals ruled in favor of Hanover under a policy clause requiring the mortgagee to notify the insurer "of any change of ownership or occupancy or increase of hazard, which shall come to the knowledge of said mortgagee ..." No opinion was expressed by the Court of Appeals as to the meaning and effect of the policy clause providing that "... this insurance ... shall not be invalidated by any ... foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property ..."
This court accepts the view that the mortgagee's interest of Fickling & Walker was not terminated by FNMA's buying the property in after exercise of the power in the security deed. The policy language protecting the mortgagee despite foreclosure or other proceedings or notice of sale relating to the property and despite change of title or ownership necessarily implies that the interest of the entity identified as the mortgagee continues regardless of whether the entity's status as mortgagee changes. Buying the property in after sale under power in the deed is not a "change of ownership" such as requires notice to the insurer under the policy. The result of such proceedings is an enlargement or increase of the mortgagee's interest rather than a "change of ownership." See Federal Nat. Mtg. Assn. v. Ohio Casualty Ins. Co., 46 Mich. App. 587 (208 NW2d 573) (1973); Federal Nat. Mtg. Assn. v. Great American Ins. Co., 157 Ind. App. 347 (300 NE2d 117) (1973); Southern States Fire &c. Ins. Co. v. Napier, 22 Ga. App. 361, 362 (4) (96 SE 15) (1918). It does not matter that the mortgage-servicing agent, Fickling & Walker, was named as mortgagee under the policy, whereas the property was bought in by the principal of Fickling & Walker, Federal National Mortgage Association, the lender. See Capital Mtg. Corp. v. Michigan Basic Property Ins. Assn., 78 Mich. App. 570 (261 NW2d 5) (1978); American Reliable Ins. Co. v. Woodward, 143 Ga. App. 652 (239 SE2d 543) (1977).
Judgment reversed. All the Justices concur.