## 73137. CHEROKEE INSURANCE COMPANY v. FIRST NATIONAL BANK OF DALTON.
### (351 SE2d 473)

BIRDSONG, Presiding Judge.

Cherokee Insurance Company filed a declaratory judgment action against appellees Roller Disco of Rome, First National Bank of Dalton, C. Kyle Gravitt and Edgar Lee Cagle, Jr., seeking to determine its liability under a fire insurance contract. The complaint stated that in April 1980, Gravitt purchased by warranty deed certain land on which he intended to construct a roller skating rink, for which he borrowed $300,000 from First National Bank. A promissory note and deed to secure debt were executed in favor of the bank securing the property, which were duly recorded in the deed records of Floyd County. In July 1980, Roller Disco was incorporated as a Georgia corporation, and although Gravitt never transferred the assets used to run the business or ownership of the building, which was insured as his own, the corporation operated a roller skating business on the property. In September 1983, Gravitt purportedly sold all the outstanding common stock of Roller Disco to Cagle, and First National Bank agreed with Gravitt and Cagle to assume Gravitt's loan on the building. Under the agreement signed by Gravitt, individually and doing business as Roller Disco, the bank and Cagle were to assume liability under a promissory note and deed to secure debt between Gravitt and the bank. The bank signed the agreement as mortgagee and Cagle, individually, as purchaser. However, the property was never transferred by Gravitt to Cagle or to any other person or entity.

Even though the property was still owned of record by Gravitt, on September 4 and 5, 1983, Cagle individually executed a promissory note in the amount of $300,000 in favor of Gravitt, naming the borrower as Roller Disco. A deed and a deed to secure debt on the property were recorded showing Roller Disco as the debtor and Gravitt as the secured party, both of which were signed by Cagle as president of Roller Disco. In conjunction with this transaction, appellant Cherokee Insurance Company issued to Roller Disco upon payment of a premium of $1,766 a fire insurance policy in the face amount of $580,000 covering the real estate and improvements on the property, designat-

ing First National Bank as mortgagee. The property was destroyed by fire on October 6, 1983; Cherokee subsequently discovered that Gravitt was the owner of record of the insured property and that Roller Disco was not indebted to the bank, as the assumption agreement had been signed by Cagle as an individual. The record discloses that on November 14, 1985, Cagle pled guilty in federal district court to the charge of arson, admitting that he conspired to burn the building and its contents to recover the insurance.

In its declaratory judgment action, Cherokee filed a motion for summary judgment claiming that since its insured Roller Disco was never indebted to First National, the bank could not be a mortgagee under Roller Disco's fire insurance policy and therefore the mortgagee clause contained therein was null and void as to First National. Cherokee's motion was denied and First National filed its own motion for summary judgment, contending that because Cherokee's insurance contract contained what is commonly referred to as a "New York standard," or "union" mortgage clause, which is considered by Georgia law to establish a separate contract between the mortgagee and the insurer, such a contract is not affected by any act or default by the mortgagor and the mortgagee may recover on the policy even where the circumstances would preclude recovery by the mortgagor. Summary judgment was granted to First National under this theory of recovery, and Cherokee appeals. *Held*:

The Georgia courts have established that in insurance policies covering loss by fire such as the one here involved, "where the loss payable clause contains language stipulating that, as to the mortgagee, the insurance shall not be invalidated by any act or neglect of the mortgagor or owner of the property, the effect of such language, referred to as the New York standard, or union mortgage clause is to create a separate and distinct contract on the mortgagee's interest and to give it an independent status. [Cit.] Thus, under the standard clause, the mortgagee may frequently recover although the insured owner could not. [Cit.]" *Decatur Fed. Savings &c. Assn. v. York Ins. Co.*, 147 Ga. App. 797, 798 (3) (250 SE2d 524). "The mortgagee can enforce its right of recovery regardless of the defenses that the insurer may raise against the insured. *Aetna Life & Cas. Co. v. Charles S. Martin Distributing Co.*, 120 Ga. App. 133 (169 SE2d 695)." *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155 (308 SE2d 382). Because the destruction of the property by fire resulted in a direct pecuniary loss to First National, the mortgagee, whether the property was owned by Gravitt, Cagle or Roller Disco, it had an insurable interest therein. *American Reliable Ins. Co. v. Woodward*, 143 Ga. App. 652, 653 (1) (239 SE2d 543). "The policy language protecting the mortgagee despite foreclosure or other proceedings or notice of sale relating to the property and despite change of title or ownership nec-

essarily implies that the interest of the entity identified as the mortgagee continues regardless of whether the entity's status as mortgagee changes." *Federal Nat. Mortgage Assn. v. Hanover Ins. Co.*, 243 Ga. 609, 610 (255 SE2d 685). The contract of insurance intended to protect the mortgagee bank independently of the status of the insured. Thus the insurer is asked to do no more than it contracted to do. Consequently, we find no error in the grant of summary judgment in favor of the bank in the amount awarded.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 13, 1986 —
REHEARING DENIED DECEMBER 5, 1986 —

C. *King Askew*, for appellant.
C. *Lee Daniel III*, for appellee.