76640. NATIONAL SECURITY FIRE & CASUALTY COMPANY v. EUREKA FEDERAL SAVINGS & LOAN ASSOCIATION.

(373 SE2d 811)

POPE, Judge.

Defendant National Security Fire & Casualty Company (hereinafter "National") issued a policy of insurance on the residential property at issue in this case. The owner issued a deed to secure debt to plaintiff Eureka Federal Savings & Loan Association (hereinafter "Eureka") as mortgagee. Eureka was originally listed as the mortgagee in the insurance policy. Pursuant to the request of the independent insurance agent, Eureka's servicing agent, SEMCO, was substituted as the named mortgagee in the policy. When the owner defaulted on the loan, Eureka foreclosed and bought the property for itself. Subsequent to the foreclosure and sale, the property was destroyed by fire. Eureka brought an action against National for proceeds pursuant to the mortgagee clause of the insurance policy. Summary judgment was entered in favor of Eureka on the issue of liability and the parties stipulated to the amount of damages. National appeals the judgment entered in favor of Eureka.

The insurance policy involved in this case included a mortgagee clause, known as a New York standard mortgagee clause. On appeal, National contends that Eureka is not the real party in interest to bring a claim pursuant to the mortgagee clause because SEMCO was substituted as the named mortgagee. National also contends that even if Eureka is the real party in interest, it no longer has an insura-

ble interest pursuant to the policy because it is now the owner and not the mortgagee of the property.

1. National's first two enumerations of error address the issue of whether Eureka is the real party in interest for bringing a claim pursuant to the mortgagee clause of the policy. The record contains sworn affidavits which establish that SEMCO is Eureka's servicing agent for the collection of loan payments on accounts issued by Eureka to homeowners in the metropolitan Atlanta area. The undisputed evidence shows SEMCO is not the mortgagee of the subject property and has no interest in the insured property or the proceeds of the insurance policy. Even though SEMCO was improperly named as mortgagee in the policy, it has no interest in this matter and would not be the real party in interest even if the suit had been brought in its name. "[T]he concept [of real party in interest] is summarized as follows: An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced." 3A Moore's Fed. Prac. 17-42, ¶ 17.07. Accord *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459 (2f) (288 SE2d 711) (1982). The record shows Eureka is the real party in interest for bringing the claim.

2. The remaining enumerations of error address the issue of whether Eureka has an insurable interest pursuant to the mortgagee clause of the policy. The mortgagee clause contained within the subject policy is identical to the clause quoted by the Georgia Supreme Court in *Federal Nat. Mtg. Assn. v. Hanover Ins. Co.*, 243 Ga. 609 (255 SE2d 685) (1979). In both cases, the policy required the mortgagee to notify the insurer "of any change of ownership or occupancy or increase of hazard, which shall come to the knowledge of said mortgagee . . . ." In both cases, the policy nevertheless provided "this insurance . . . shall not be invalidated by any . . . foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property . . . ." As in *Fed. Nat. Mtg. Assn.*, the insurer here argues that the mortgagee is no longer an insured under the mortgagee clause when the mortgagee buys in the property for itself and thus becomes the owner. This argument was rejected by the Georgia Supreme Court. "The policy language protecting the mortgagee despite foreclosure or other proceedings or notice of sale relating to the property and despite change of title or ownership necessarily implies that the interest of the entity identified as the mortgagee continues regardless of whether the entity's status as mortgagee changes. Buying the property in after sale under power in the deed is not a 'change of ownership' such as requires notice to the insurer under the policy. The result of such proceedings is an enlargement or increase of the mortgagee's interest rather than a 'change of ownership.'" Id. at 610. Eureka's interest in the mortgagee clause of the policy survived despite the fact that the

property had been foreclosed and bought in by Eureka.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 20, 1988 —
REHEARING DENIED OCTOBER 5, 1988.

R. Clay Porter, Grant B. Smith, for appellant.
James M. Anderson III, for appellee.