### 77289. LIBERTY NATIONAL FIRE INSURANCE COMPANY v. F & M BANK & TRUST COMPANY.
(377 SE2d 528)

BIRDSONG, Judge.

Liberty National Fire Insurance Company appeals the denial of its motion for summary judgment on the issue of bad faith penalties and attorney fees pursuant to OCGA § 33-4-6 and the grant of partial summary judgment to the appellee bank on the issue of liability.

*Held*:

1. The trial court did not err in denying summary judgment to Liberty National on the issue of Liberty's liability to the bank for $6,413.13, its proportionate share of coverage for fire damage to a house once owned by the insured, Hoffman.

Although Hoffman had sold the house to another party (Watts) in 1986, Hoffman's mortgage debt to the bank remained $13,835.96. Watts assumed the mortgage, but to pay this off, Hoffman and Watts together borrowed $13,835.96 from the bank and Hoffman signed a personal guaranty making himself principally liable on the obligation. (Liberty National, and Hoffman by affidavit, assert that Hoffman had paid off the original promissory note and cancelled the security deed in 1984. The undisputed facts show that when Hoffman sold the property to Watts in 1986, Hoffman then had a mortgage and debt outstanding with the bank.)

Shortly before Hoffman had sold the house to Watts, he obtained fire insurance from Liberty National. The policy by endorsement of a "Mortgagee Clause" provides: "Loss, if any, under this policy shall be payable to first mortgagee . . . *Farmers and Merchants Bank* [endorsement effective April 15, 1986]." The mortgage clause also provides: "Loss . . . shall be payable to the mortgagee . . . as provided herein, as interest may appear, and this insurance, as to the interest of the mortgagee . . . shall not be invalidated by any act or neglect of the mortgagor or owner of the . . . property . . . *nor by any change in the title or ownership of the property. . . .*" (Emphasis supplied.) When Hoffman sold the property to Watts on July 1, 1986, two and one-half months after obtaining this mortgage clause endorsement making the bank loss-payee, Hoffman did not cancel or change this endorsement. He continued to maintain the insurance coverage. Although he was no longer the owner of the property, he remained liable to the bank on his personal guaranty.

According to the express terms of the policy "Mortgagee Clause" endorsement, the bank remained loss-payee despite the fact that Hoffman, the "insured," no longer held title or ownership to the property. He maintained the policy in force after he sold the property, and it is undisputed he owed money to the bank, not by mortgage, but by personal guaranty arranged to extinguish the mortgage outstanding when he sold to Watts.

There is no rule that provides a named specifically endorsed loss-payee mortgagee is not covered if it does not actually at the time of loss hold a mortgage in the name of the insured. To the contrary, we covered this general subject matter in *Cherokee Ins. Co. v. First Nat. Bank of Dalton*, 181 Ga. App. 146 (351 SE2d 473). With the naming of the mortgagee as loss-payee, as unaffected by any act of the insured, " 'the effect of such language . . . is to create a separate and

distinct contract on the mortgagee's interest and to give it an independent status. [Cit.] Thus . . . the mortgagee may frequently recover although the insured . . . [may] not. . . .' " Id., p. 147.

Under the comparable facts of that case, we held further that "[b]ecause the destruction of the property by fire resulted in a direct pecuniary loss to [the bank], the mortgagee, whether the property was owned by [one person insured or another person], it had an insurable interest therein." Id.

The policy language in this case, like that in *Cherokee*, expressly covered the mortgagee bank even though Hoffman had sold the property. Obviously this anticipates that even if he himself may have no *mortgaged* interest with the bank, the bank is still the loss-payee "mortgagee." Under *Cherokee*, supra, and the express terms of the policy Mortgagee Clause endorsement, the bank was due coverage and the trial court did right to deny summary judgment to Liberty National.

Moreover, it is clear that since Hoffman by virtue of the mortgage debt he did owe when he sold the property to Watts, and which he extinguished by executing a personal guaranty to the bank, had every good reason to maintain this insurance as he did, especially including the Mortgagee Clause endorsement.

2. Because of the express language in the Mortgagee Clause endorsement, making the mortgage bank loss-payee despite the fact that he did not then have title or ownership; and because Hoffman kept this policy in force after he extinguished his mortgage and made himself liable by personal guaranty, we are unable to say as a matter of law that the trial court erred in leaving to the jury the questions of bad faith penalties and attorney fees against Liberty National for refusal to pay.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JANUARY 3, 1989.

*Dennis & Corry, William E. Gray II*, for appellant.
*Swift, Currie, McGhee & Hiers, Michael H. Schroder, Thomas D. Martin*, for appellee.