A90A1461. SOUTHERN GENERAL INSURANCE COMPANY v. KEY et al.
(398 SE2d 237)

SOGNIER, Judge.

Southern General Insurance Company filed a declaratory judgment action against Ben W. Key, Jr., Henry Prather, and Talbot State Bank, seeking a determination of its liability under two fire insurance contracts. Cross motions for summary judgment were filed by all parties except Prather. The trial court granted summary judgment to Key and the bank against Southern General, denied summary judgment to Southern General against Key and the bank, and granted

summary judgment to Southern General against Prather. Southern General brings this appeal from the trial court's order denying its motions and granting summary judgment in favor of Key and the bank. Prather is not involved in this appeal.

The record reveals that in 1982, Frank Steed, Sr. executed a note and security deed to appellee bank in connection with the refinancing of a house in Manchester, Georgia, owned by Steed and occupied by a tenant. Several months later, a second security deed was executed by Steed to appellee Key. Steed died on February 28, 1985. On February 21, 1986, appellant issued a fire insurance policy on the property upon the application of Key, which policy was paid for by Key and renewed on March 7, 1987 for a one year term. The policy lists both appellees as mortgagees and Steed as the insured. On May 16, 1987, another fire policy on the property was issued by appellant upon the application of Prather acting on behalf of Steed's estate, listing Steed c/o Prather as the insured and only the bank as mortgagee. On January 21, 1988, the insured property was totally destroyed by fire. Both Key and the bank made claims upon appellant as mortgagees listed in the loss payable clauses of the policies. Appellant refused to honor the claims, instead filing this action.

It is uncontroverted that neither appellees nor appellant had knowledge of Steed's death when the policies in question were applied for and issued.

Appellant contends the trial court erred by granting summary judgment to appellees and denying its own motions for summary judgment because Steed, having died earlier, lacked the capacity to enter into a valid contract, thereby rendering the policies issued void ab initio. We do not agree.

We first address the propriety of the trial court's denial of appellant's motions for summary judgment against appellees. Although appellant's argument that the contract was a nullity is ingenious, we find it fallacious because Steed, while the nominal insured, was not the contracting party for either policy. Rather, the first policy was purchased by Key, and the second by Prather. Appellant admits that Key had an insurable interest in the property as second mortgagee. At the time he applied for the second policy, Prather was not the legally appointed administrator of Steed's estate, but he did apply on behalf of and to protect the interest of the estate, which had a cognizable interest in the property. Nothing in the record evidences lack of capacity on the part of either Key or Prather, and we must accordingly presume that they were competent to contract. See generally *Gulf Life Ins. Co. v. Wilson*, 123 Ga. App. 631, 632-633 (2) (181 SE2d 914) (1971). Consequently, the contract was not void ab initio, as claimed by appellant.

Having decided the contract was valid, we must decide whether

the trial court erred by granting summary judgment to appellees.

Both policies contained what is commonly referred to as "New York standard" or "union" mortgage clauses, which provide that the mortgagee's right to recover will not be affected or invalidated by any act or omission of the mortgagor. Where the loss payable clause contains such language, Georgia law deems there to be a separate contract between the mortgagee and the insurer unaffected by circumstances precluding recovery by the mortgagor. *Decatur Fed. Savings &c. Assn. v. York Ins. Co.*, 147 Ga. App. 797, 798 (3) (250 SE2d 524) (1978). Recovery by Prather on behalf of the estate is not at issue in this appeal, but even assuming that the estate could not recover, and regardless of whether Prather's actions on behalf of the estate were proper, because the policies are not nullities the New York standard clauses entitle both the bank and Key to recovery under the terms of their respective policies, see *Cherokee Ins. Co. v. First Nat. Bank*, 181 Ga. App. 146 (351 SE2d 473) (1986), and accordingly both appellees were entitled to recover the proceeds. The trial court did not err by granting summary judgment to appellees. Id. at 147-148.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 5, 1990 —
REHEARING DENIED OCTOBER 17, 1990 — 

*Mozley, Finlayson & Loggins, Robert M. Finlayson II, Richard D. Hall*, for appellant.

*Johnnie L. Caldwell, Jr., Owen J. Adams, Jerry W. Loftin*, for appellees.

Henry Prather, *pro se.*