A03A0455. PEARLMAN v. SECURITY BANK & TRUST COMPANY OF ALBANY.
(582 SE2d 219)

</div>

ELLINGTON, Judge.

Security Bank & Trust Company of Albany ("Security Bank") filed an action for equitable interpleader and declaratory relief against Ellen Pearlman pursuant to OCGA § 23-3-90. Security Bank claimed the right to all proceeds of an insurance policy covering the loss by fire to a home owned by Ellen Pearlman and her former husband, Jerry Pearlman. Ellen Pearlman claimed she was entitled to half the proceeds. Based on stipulated facts, the trial court found that Security Bank was entitled to all of the insurance proceeds and granted summary judgment in its favor. Ellen Pearlman appeals, and we affirm.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Robinson v. Hunter*, 254 Ga. App. 290 (1) (562 SE2d 189) (2002). Our review is de novo. *Pyle v. City of Cedartown*, 240 Ga. App. 445, 446 (524 SE2d 7) (1999).

The stipulated facts show that as part of a 1988 divorce settle-

---

ment, Jerry Pearlman conveyed a one-half undivided interest in an Albany residence to Ellen Pearlman. The residence was subject to a deed to secure debt securing a $10,000 note which was executed and delivered in 1987 by Jerry Pearlman to Security Bank. The 1987 note was refinanced in 1996 through a promissory note from Jerry Pearlman to Security Bank in the original principal amount of $45,028.95. As part of this refinancing, Jerry Pearlman executed a deed to secure debt to Security Bank pledging the Albany residence as collateral for the promissory note. The outstanding balance on the promissory note was $63,714.14 as of April 17, 2002.

The ad valorem taxes on the property for the years 1991, 1992, 1995, and 1996 were not paid, and the property was sold to a third party at a sheriff's sale in 1997. Security Bank redeemed the property by paying $7,662.81.

The Albany residence was insured against loss by an Auto-Owner Insurance Company policy purchased by Jerry Pearlman, who paid all the premiums. Security Bank was named loss payee under the policy. On February 20, 2000, the Albany property suffered fire damage. Pursuant to negotiations between Jerry Pearlman, Ellen Pearlman, and Security Bank, the insurer issued a $56,028.17 check jointly payable to Ellen Pearlman and Security Bank. Also by agreement among the parties, the insurance proceeds were deposited in an account with Security Bank.

We conclude that the trial court correctly awarded all of the insurance proceeds to Security Bank. Where a secured party is designated as loss payee under an insurance policy, the secured party is generally entitled to the insurance proceeds up to the amount of the debt that is secured by the property which suffered the loss, and the remainder belongs to the property owners. See, e.g., *Allstate Ins. Co. v. Thompson*, 164 Ga. App. 508 (297 SE2d 520) (1982) (owner of half interest in insured property was entitled to half the insurance proceeds after mortgage was paid). Here, the secured debt was greater than the insurance proceeds, leaving nothing more to distribute.

> The right of an insured . . . to insurance proceeds, claimed pursuant to an insurance contract containing a loss payee endorsement, is determined at the time of loss and to the extent of the insured's established actual loss. Where the evidence demonstrates that the amount of debt is in excess of the insurance proceeds, a debtor has no interest in the policy proceeds.

(Citation omitted.) *CIT Group/Equip. Financing v. Northbrook Property &c. Ins. Co.*, 237 Ga. App. 524, 525 (515 SE2d 845) (1999). Ellen Pearlman's arguments to the contrary are without merit.

Ellen Pearlman contends that because a security deed conveys legal title to property as security for a debt, *Rhodes v. Anchor Rode Condo. Homeowner's Assn.*, 270 Ga. 139 (1) (508 SE2d 648) (1998), when Jerry Pearlman executed the 1996 security deed he only transferred his legal interest in the residence to Security Bank. But it does not follow, as she argues, that Security Bank's failure to establish a security interest in all of the property limits Security Bank's right to all of the insurance proceeds. Insurance is a matter of contract. *Allstate Ins. Co. v. Walker*, 111 Ga. App. 120, 122 (140 SE2d 910) (1965). To put it simply, Security Bank was a beneficiary of that contract and Ellen Pearlman was not.

Ellen Pearlman relies on *Canal Ins. Co. v. Bryant*, 166 Ga. App. 483 (304 SE2d 565) (1983); *Nationwide &c. Ins. Co. v. Rhee*, 160 Ga. App. 468 (287 SE2d 257) (1981); and *Ga. Farm &c. Ins. Co. v. Mikell*, 126 Ga. App. 640 (191 SE2d 557) (1972), for the proposition that, as half owner of the property, she is entitled to half of the insurance proceeds stemming from a loss to the property. But these cases are inapplicable because they do not address the interests of a secured party and loss payee to insurance proceeds, as is the case here. Ellen Pearlman is correct that her ownership interest was not affected by Security Bank's security interest. This fact, however, did not preclude Jerry Pearlman from obtaining insurance coverage for the amount of the security interest, or in making the bank the loss payee of this policy. The policy was obtained and paid for by Jerry Pearlman to insure his obligation to the lender was paid in the event the security for the loan was destroyed. The benefits of the policy were totally consumed by this obligation.

Ellen Pearlman also claims that the proceeds are impressed with an implied trust for her benefit. The trial court did not err in failing to find such a trust. "An implied trust is either a resulting trust or a constructive trust." OCGA § 53-12-90.

> A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity.

OCGA § 53-12-93 (a). Ellen Pearlman failed to demonstrate any fraud or show any other equitable principle which would entitle her to a constructive trust on the insurance proceeds.[1]

---

[1] She relies on *Pope v. Skipper*, 197 Ga. App. 572 (398 SE2d 846) (1990), and *Richardson v. Park Avenue Bank*, 173 Ga. App. 43 (325 SE2d 455) (1984), but these decisions are factually and legally distinguishable. *Pope v. Skipper* concerns a husband who changed the bene-

Lastly, Ellen Pearlman contends that the trial court erred in providing that Security Bank was entitled to reimbursement for the cost of redeeming the property after it was sold at a tax sale. Under OCGA § 48-4-43, the amount expended by a creditor to redeem property from a tax sale becomes a first lien on the property in favor of the creditor. The question of whether the insurance proceeds should be allocated to Security Bank based solely on the outstanding loan to Jerry Pearlman, or for the loan as well as the lien created by OCGA § 48-4-43, is moot for purposes of the question presented here. In either case, Security Bank is entitled to all the proceeds subject to interpleader.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur. Phipps, J., disqualified.*

DECIDED MAY 14, 2003.

*Vansant, Corriere & McClure, Alfred N. Corriere*, for appellant. *Divine, Dorough & Sizemore, Martin J. Lynch*, for appellee.

---

ficiary of his life insurance policy in violation of a property settlement agreement with his wife. *Richardson v. Park Avenue Bank* addresses a creditor's attempt to levy on property transferred to a wife in a divorce decree, but still titled in the husband's name, to satisfy a debt of the husband unrelated to the property.